

**Your Missouri Courts** .net

Search for Cases by: Select Search Method...

**Judicial Links** | **eFiling** | **Help** | **Contact Us** | **Print**     GrantedPublicAccess   Logoff DEREK_2012

**2131-CC00114 - BIBI INVESTMENTS ET AL V HICKORY VILLAGE ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ○ Descending ● Ascending   Display Options: All Entries

**01/29/2021** ☐ Judge Assigned

☐ **Pet Filed in Circuit Ct**
Plts Petition; Exhibit A; Exhibit B; Exhibit C./cr
**Filed By:** GREGGORY DEAN GROVES
**On Behalf Of:** BIBI INVESTMENTS AND DEVELOPMENT LLC, HARCHARAN J BAINS, ANUPREET SIDHU

☐ **Filing Info Sheet eFiling**
**Filed By:** GREGGORY DEAN GROVES

☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-222, for HICKORY HILLS LLC. Summons saved and attached in PDF format for Attorney to retrieve from secure case.net./cr

☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-223, for DAVIDSON, FRANK. Summons saved and attached in PDF format for Attorney to retrieve from secure case.net./cr

**02/05/2021** ☐ **Summons Personally Served**
Document ID - 21-SMCC-222; Served To - DAVIDSON, FRANK; Server - GREENE COUNTY SHERIFF; Served Date - 03-FEB-21; Served Time - 13:36:00; Service Type - Sheriff Department; Reason Description - Served

**02/08/2021** ☐ **Summons Returned Non-Est**
Document ID - 21-SMCC-222; Served To - HICKORY HILLS LLC; Server - GREENE COUNTY SHERIFF; Served Date - 04-FEB-21; Served Time - 17:00:00; Service Type - Sheriff Department; Reason Description - Non-est; Service Text - Non Est Per R/A he does Not Represent the Above LLC

**02/12/2021** ☐ **Correspondence Filed**
Plts Correspondence to Court Regarding Incorrect Dft Name and Request for Summons./cr
**Filed By:** GREGGORY DEAN GROVES
**On Behalf Of:** HARCHARAN J BAINS, ANUPREET SIDHU

**02/18/2021** ☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-383, for HICKORY VILLAGE LLC.Summons saved and attached in PDF format for Attorney to retrieve from secure case.net./cr

**02/24/2021** ☐ **Entry of Appearance Filed**
Entry of Appearance by Atty Rick Muenks on Behalf of Dft Frank Davidson; Electronic Filing Certificate of Service./jc

**Exhibit 1**

**Filed By:** RICK JOSEPH MUENKS

**On Behalf Of:** FRANK DAVIDSON

03/04/2021    ☐  **Corporation Served**
Document ID - 21-SMCC-383; Served To - HICKORY VILLAGE LLC; Server - GREENE COUNTY
SHERIFF; Served Date - 03-MAR-21; Served Time - 00:00:00; Service Type - Sheriff Department; Reason
Description - Served; Service Text - by leaving with Frank Carnahan

Case.net Version 5.14.12                          Return to Top of Page                          Released 11/10/2020

**Exhibit 1**

Electronically Filed - Greene - January 29, 2021 - 03:59 PM

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| BiBi INVESTMENTS AND DEVELOPMENT, LLC AND HARCHARAN J. BAINS AND ANUPREET SIDHU, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| HICKORY VILLAGE, L.L.C., *Serve: Registered Agent* *CECB, Inc.* *2805 South Ingram Mill Road* *Springfield, MO 65804* | ) ) ) ) ) ) |
| and | ) ) |
| FRANK DAVIDSON, *Serve at: 3753 East Monroe* *Springfield, MO 65809,* | ) ) ) ) |
| Defendants. | ) |

## PETITION

**COMES NOW** Plaintiffs, BiBi Investments and Development, LLC, Harcharan J. Bains and Anupreet Sidhu, by and through their undersigned attorneys of record, and for their cause of action against Defendants, Hickory Village, LLC, and Frank Davidson, state, allege and aver to the Court as follows:

### 1. PARTIES

1. Plaintiff BiBi Investments and Development, LLC, ("BiBi Investment") is a Missouri limited liability company authorized to do busines in the State of Missouri and doing business in the State of Missouri.

2. Plaintiff Harcharan J. Bains is a resident of Greene County, Missouri, is of Indian descent with darker skin color, and is a member of BiBi Investments.

**Exhibit 1**

Electronically Filed - Greene - January 29, 2021 - 03:59 PM

3.      Plaintiff Anupreet Sidhu is a resident of Greene County, Missouri, is of Indian descent with darker skin color, and is a member of BiBi Investments and Development, LLC ("BiBi Investment").

4.      Defendant Hickory Village, L.L.C., ("Hickory Village") is and at all relevant times herein was, a Missouri limited liability company authorized to do business in the State of Missouri and may be served by serving its registered agent at the address listed above.

5.      Defendant Frank Davidson is a resident of Greene County, Missouri, and may be served at the address listed above.

6.      At all relevant times herein, Frank Davidson was the manager for Hickory Village and acted as an agent of Hickory Village.

7.      At all relevant times Defendant Hickory Village acted by and through its authorized agents, servants, and its manager Frank Davidson.

8.      Plaintiffs bring this cause of action under the Fair Housing Act, 42 U.S.C. §3601 et. seq.

9.      Each of the Plaintiffs is an "aggrieved person" under the Fair Housing Act as defined in 42 U.S.C. §3602(i).

10.     Defendants, and each of them, are being sued for their violations of the Fair Housing Act.

## II. VENUE AND JURISDICTION

11.     This is an action or declaratory judgment, permanent injunctive relief, and damages for discrimination in the terms and conditions of the sale of housing on the basis of color and national origin. This action arises under the Fair Housing Act of 1968, as amended.

12.     Jurisdiction is conferred on this Court by 42 U.S.C. §3613(a).

**Exhibit 1**

Electronically Filed - Greene - Greene - January 29, 2021 - 03:59 PM

13.     The actions alleged herein occurred in Greene County, Missouri.

14.     The property ("Property") which is the subject of this action is situated in Greene County, Missouri, and more specifically described as Hickory Village Subdivision, as further described on Exhibit A attached hereto and incorporated herein by reference.

## COUNT I

## VIOLATION OF THE FAIR HOUSING ACT, 29 U.S.C. §3601 ET SEQ.

15.     Plaintiffs hereby incorporate by reference paragraphs 1-14 of their Petition as if fully set forth herein.

16.     Towards the end of 2019, Plaintiffs began meeting with Defendants to discuss the possible purchase of the Property.

17.     From the end of 2019 through October 2020, Plaintiffs and Defendants continued to discuss the purchase of the Property.

18.     In March 2020, Plaintiffs met with Defendants and BiBi Investments made an offer on the Property and provided to Defendants a check for the earnest money.

19.     Defendants returned the check and the Contract in April 2020 saying the offer was not going to be accepted by the Owners of the Property.

20.     From April 2020 through the end of October 2020, Plaintiffs and Defendants continued to have discussions about Plaintiff BiBi Investments purchasing the Property.

21.     In November 2020, Defendants started ignoring phone calls and messages from the Plaintiffs.

22.     Upon information and belief, Defendant Frank Davidson informed one of the Owners that Plaintiffs were no longer interested in purchasing the Property.

**Exhibit 1**

Electronically Filed - Greene - January 29, 2021 - 03:59 PM

23.     Upon information and belief, one of the Owners of the Property informed Defendant Davidson that the Plaintiffs remained interested in the purchase of the Property.

24.     On December 18, 2020, Defendants came up with the idea to sell the Property at a silent auction.

25.     Plaintiffs met with Defendants on December 20, 2020, and in that meeting, Defendant Davidson was angry and specifically asked Plaintiffs where the funds to purchase the Property would come from.

26.     At that same meeting, Defendant Davidson also asked Plaintiffs which foreign treaties would be applied.

27.     At that same meeting, Defendant Davidson also asked Plaintiffs whether there was any property in town that Plaintiffs owned that he could see.

28.     Upon information and belief, a silent auction was allegedly held and Plaintiff BiBi investments submitted an offer to purchase the Property.  A copy of that offer is attached hereto as Exhibit B and incorporated herein by reference.

29.     In addition to the offer, Plaintiff BiBi Investments provided a pre-approval letter. A copy of that letter is attached hereto as Exhibit C and incorporated herein by reference.

29.     On December 24, 2020, BiBi Investment's offer to purchase the Property was denied without any reason provided other than another offer had been accepted.

30.     Upon information and belief, Plaintiff BiBi Investments was the highest bidder at the silent auction.

31.     Defendants, through their actions, have discriminated against the Plaintiffs on the basis of color and national origin in violation of 42 U.S.C. §3604 and §3605.

**Exhibit 1**

32.     Specifically, Defendants through their actions have discriminated against the Plaintiff on the basis of color and national origin in that Defendants, have refused to sell the Property to Plaintiffs, because of Plaintiffs' color or national origin.

**WHEREFORE**, Plaintiffs pray:

a.     That the Court declare the actions of Defendants complained of herein to be in violation of the Fair Housing Act of 1968, as amended;

b.     That Defendant be ordered to take appropriate affirmative actions to sell the Property to Plaintiff BiBi Investments;

c.     That Defendant be further ordered to take appropriate affirmative actions to ensure that the activities complained of above are not engaged in again by Defendants or any of their agents;

d.     That Defendants, their agents, employees and successors be permanently enjoined from discriminating on the basis of race, color or national origin against any persons in violation of the Fair Housing Act of 1968, as amended;

e.     That appropriate punitive and compensatory damages be awarded to Plaintiffs and against Defendants jointly and severally;

f.     That Plaintiffs be awarded their costs and reasonable attorney fees in this action; and

g.     That Plaintiffs be awarded such other and further relief as the Court deems just and proper.

**Exhibit 1**

Respectfully submitted,

**LOWTHER JOHNSON**
**Attorneys at Law, LLC**


By: */s/ Greggory D. Groves*
     Greggory D. Groves
     Missouri Bar Number 35526
     901 St. Louis Street, 20th Floor
     Springfield, MO. 65806
     Telephone: (417) 866-7777
     Facsimile:  (417) 866-1752
     E-mail:  ggroves@lowtherjohnson.com
     *Attorney for Plaintiffs*

Electronically Filed - Greene - January 29, 2021 - 03:59 PM

**Exhibit 1**

"EXHIBIT A (1)



Hickory Hills Country Club

HICKORY VILLAGE SUBDIVISION

E. Cherry Street

S. Hickory Avenue

S. Mission Ave.

HICKORY VILLAGE SUBDIVISION

E. Monroe St.

Exhibit A

Electronically Filed - Greene - January 29, 2021 - 03:59 PM

Exhibit 1

Electronically Filed - Greene - January 29, 2021 - 03:59 PM

## REAL ESTATE AGREEMENT

**THIS AGREEMENT** ("Agreement"), made this 23rd day of December, 2020 ("Effective Date"), by and between HICKORY VILLAGE, LLC ("Seller"), and Bibi Investments and Development, LLC, a Missouri limited liability company, or its assigns ("Buyer").

For and in consideration of the mutual agreements herein contained and other good and valuable consideration to each of the parties hereto paid by the other, the receipt and legal sufficiency whereof is hereby acknowledged, it is mutually covenanted and agreed as follows:

Section 1. <u>Property to be Conveyed.</u>

Seller shall sell and Buyer shall purchase the following property ("Premises"):

(A)    The property described in Exhibit "A" attached hereto and incorporated herein by this reference and all improvements thereon, excluding the property of the tenants thereon.

(B)    All and singular the estate, rights, privileges, easements and appurtenances belonging to or in any way pertaining to the Land.

The Premises shall be sold and conveyed by duly executed general/corporate warranty deed (and a warranty bill of sale warranty transferring all Seller's interest, if any, in any personal property, fixtures and equipment on the Premises) subject to:

(i)    Zoning regulations, ordinances and laws of the city, state and county in which the Premises lie and of any other governmental body which may have jurisdiction over the Premises.

(ii)    Federal, state, county and city, real estate taxes and special assessments which are not yet due and payable.

(iii)    All objections to title, of every type and nature not submitted in writing to Seller in accordance with Section 3.

(iv)    Encroachments and any state of facts an accurate survey of the Land may show.

(v)    <u>Existing Leases.</u>

Section 2. <u>Earnest Money and Purchase Price.</u>

(A)    Concurrently with the execution of this Agreement, Buyer has deposited Twenty Thousand Dollars ($20,000) ("Deposit") with Seller.  If Seller performs

Exhibit B

**Exhibit 1**

Seller's obligation, and Buyer fails to perform Buyer's obligations, then this Agreement may or may not be operative, at Seller's election, and in either event, Seller is entitled to retain the Deposit.

(B)     The purchase price for the Premises shall be Three Million Four Hundred Thousand Dollars ($3,400,000) ("Purchase Price"), payable as set forth in paragraph (C) of this Section.

(C)     On the Closing Date, Buyer shall pay to Seller the Purchase Price, less the Deposit, by certified check or a wire transfer of federal funds, the Deposit shall be retained by Seller.

(D)     On the Closing Date, Seller shall issue a check to Buyer for pro rated rents for the month of closing.

Section 3. <u>Commitment, Policy of Title Insurance and Survey.</u>

(A)     Within ten (10) days from the Effective Date, Seller shall apply to Hogan Land Title Company ("Title Company") for a commitment ("Commitment") pursuant to which the Title Company shall issue to Buyer an Owner's Policy of Title Insurance, subject to the conditions of such commitment, in the amount of the Purchase Price ("Title Policy") insuring that at the time of recordation of the Deed there is vested in Buyer fee simple title, good and marketable in fact, to the Premises, free and clear of all liens, charges, claims, actions, encumbrances or title exceptions of any kind, except the "Permitted Exceptions" (defined below).

(B)     Seller shall cause a copy of the Commitment with all exception documents to be delivered to Buyer. Buyer agrees to submit all objections to the title affecting the Premises to Seller in writing no later than ten (10) days after Buyer receives the Commitment with all exception documents and Survey (defined below) and that if Buyer does not submit such objections, then title to the Premises shall be deemed good and marketable in fact and Buyer shall have waived all objections affecting the title to the Premises as disclosed by the Commitment. Any encumbrance or defect which is within the scope of any of the Title Standards of the Missouri Bar shall not constitute a valid objection on the part of Buyer, provided Seller furnishes the affidavits or title papers, if any, described in the applicable standard, and acceptable to Title Company. "Permitted Exceptions" means those matters disclosed by the Commitment, and not timely objected to by Buyer, and those items described in clauses (i) through (iv) in Section 1. In no event is Seller obligated to remedy any defect in title, but shall use all reasonable efforts to do so. If Seller elects not to or is unable to remedy any defect Buyer has timely objected to, and unless Buyer notifies Seller in writing of Buyer's election to withdraw the objection(s) to title within three (3) days of Seller's notice of intent not to remedy a title defect, this Agreement shall terminate and the Deposit shall be returned to Buyer. Seller shall notify Buyer in writing of Seller's intent to remedy title defects within three (3) days of receipt of objections and shall have thirty (30) days to remedy such defects. Seller's failure to notify Buyer shall be deemed Seller's election not to remedy title defects. Seller agrees to deliver to the Title Company an affidavit permitting the Title Company to delete from the

Exhibit 1

Owner's Title Insurance Policy to be delivered to Buyer, the exceptions for rights of parties in possession not shown by the public records (other than the Existing Tenants), and for any lien or right to a lien for services, labor or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

(C)     Buyer may within forty-five (45) days following execution of this Agreement obtain a survey certified to Buyer (the "Survey") bearing the true and correct legal description made by surveyor selected by Buyer, the area to the nearest hundredth of an acre and dimensions and location of the Property, delineating the zoning applicable to the Property, and the location and scope of all rights of way, easements (with reference to the book and page where the easement is recorded) and available utilities and topographical features.

Section 4. Conditions Precedent.

(A)     Seller's obligation to convey the Premises is subject without limitation to the following conditions precedent being satisfied on the Closing Date:

(i)     Buyer has delivered a certified check in the amount of the Purchase Price, less the Deposit, to the Title Company; and

(ii)     Buyer has complied with all Buyer's other obligations under this Agreement; and

(iii)     The Title Company is prepared to issue a Title Insurance Policy.

If any one or more of the conditions precedent set forth in this paragraph is not satisfied on the Closing Date, Seller may (1) cancel this Agreement and all Seller's obligations and retain the Deposit, (2) exercise Seller's rights and remedies under the law and at equity and retain the Deposit, and/or (3) Seller may waive compliance with any one or more of said conditions precedent and close this transaction.

(B)     Buyer's obligation to perform the agreement is subject to the following conditions precedent being satisfied:

(i)     Approval of Commitment as provided herein;

(ii)     Buyer has determined, to Buyer's reasonable satisfaction within forty-five (45) days from the Effective Date, that no portion of the real property or Premises has at any time been used for the treatment, handling, storage or disposal of any hazardous waste or substance. Seller grants to Buyer a right of access to all portions of each of the parcels comprising the real property for the purpose of making tests, inspections and examinations which Buyer deems necessary to make this determination, provided that Buyer shall promptly restore the surface of the land to its condition existing before such tests, and indemnify and save Seller harmless from and against all liability, cost and expense (including reasonable attorneys fees) from claims made by the Existing

**Exhibit 1**

Tenant or others as a result of Buyer's performance of such tests. Further provided that Seller represents and warrants that to the best of Seller's knowledge and belief the Land and/or Premises have never been used for the treatment, handling, storage or disposal of any hazardous waste or substance and they acknowledge that Buyer is relying upon this representation in entering into this transaction and the Closing thereof.

      (iii)      Buyer obtaining a Purchase Money Loan from Hawthorn Bank pursuant to the terms and conditions of that certain Commitment Letter dated December 22, 2020 from Tom Lay on or before the Closing Date (the "Financing").

Section 5. <u>Conditions.</u> Buyer shall have the right to inspect the Premises through its representatives or licensed contractors for forty-five (45) days following execution of this Agreement. Buyer will provide Seller with reasonable advance notice prior to inspecting the Property to allow Seller to coordinate with existing tenants.

Within the forty-five day inspection period, Buyer may advise Seller of any unsuitable conditions. Buyer and Seller shall have fifteen days to reach an agreement as to what unsuitable conditions, if any, will be repaired by Seller. If the Parties cannot come to an agreement, this Agreement shall terminate and the Deposit shall be returned to Buyer.

If Buyer fails to have the Premises inspected or does not provide Seller with written notice of any unsuitable conditions, Buyer will be deemed to have accepted the premises in its current condition.

Any damage to the Premises resulting from Buyer's inspection shall be repaired by Buyer.

Section 6. <u>Closing Date and Procedures.</u> This transaction shall be closed on or before March 12, 2021, ("Closing Date"). Closing shall be at the offices of Title Company, and shall be an escrowed closing, meaning that all documents and funds shall be deposited in escrow with Title Company, and when Title Company has redetermined the status of title, made all prorations and allocations, recorded all required instruments, confirmed to Buyer and Seller its ability to issue the title policies, and shall then release all funds to the appropriate parties.

Section 7.<u>Taxes.</u> On the Closing Date the parties shall prorate general real estate taxes and installments of special assessments ("Taxes") levied against the Premises as of the Closing Date and if at such time the tax rate of the current fiscal tax year has not been finally determined, proration shall be made upon the basis of the tax rate for the preceding fiscal tax year applied to the current assessed valuation. Buyer shall pay all Taxes (and all installments of special assessments) for 2020.

Section 7. <u>Closing Costs.</u>

Seller shall pay:

**Exhibit 1**

Electronically Filed - Greene - January 29, 2021 - 03:59 PM

(A)     The fee for the issuance of the title commitment, and one-half (1/2) of the fees of the Title Company for closing costs.

Buyer shall pay:

(A)     The cost of recording the warranty deed, the premium charged by the Title Company for the Owner's Title Insurance Policy, and one-half (1/2) of the fee for closing costs.

Section 8. Title Defects. If the parties are unable to close this transaction on the Closing Date, or such later date as the parties mutually agree on in writing, by reason of Seller's inability to deliver title in accordance with the terms of this Agreement and Buyer is unwilling to accept such title as Seller is able to convey, Buyer's sole remedy shall be to rescind this Agreement by giving written notice thereof to Seller, and Seller shall refund the Deposit and any other moneys deposited in escrow with it by Buyer to Buyer, and the parties hereto shall thereupon be relieved of any and all further liability under this Agreement except for any obligations which accrued prior to such rescission. However, Seller, at Seller's election, has the privilege to remedy any objections to title by Buyer, and for such purposes shall be entitled to one or more adjournments of the closing of title for a reasonable time (not to exceed thirty (30) days in the Aggregate). Buyer's obligations to remain in full force and effect in the meantime. However, nothing herein contained requires Seller to bring any action or proceeding, or otherwise to incur any expense to (1) render the title to the Premises marketable; or (2) comply with the terms of this Agreement. Buyer may accept such title as Seller is able to convey without reduction of the Purchase Price or any credit or allowance against the same, and without any surviving liability as against Seller. The acceptance of the deed by Buyer shall be a full performance and discharge of every warranty, covenant, undertaking, agreement and obligation on Seller's part to be performed pursuant to the provisions of this Agreement and the deed except those, if any, which are herein specifically stated to survive Closing as against Seller. Seller shall convey any title to the Premises after the Closing, whether by adverse possession or otherwise (excluding foreclosure, deed in lieu of foreclosure, or purchase) without additional consideration. This obligation survives the Closing.

Section 9. Brokerage. Each party represents and warrants to the other that it has had no dealings with any broker or agent in connection with this Agreement. Each party agrees to defend, indemnify and save the other harmless from all claims, liability and expense (including reasonable attorneys' fees) as a consequence of a breach of this representation.

Section 10.Waivers. No delay or omission by either of the parties in exercising any right or power accruing on the non-compliance or failure of performance by the other party under the provisions of this Agreement shall impair any such right or power or be construed to be a waiver thereof. A waiver by either of the parties of any of the covenants, conditions or agreements hereof to be performed by the other party shall not be construed to be a waiver of any subsequent breach thereof or of any other covenant, condition, or agreement herein contained.

Section 11.Remedies Cumulative. All rights, privileges and remedies afforded the parties by this Agreement shall be deemed cumulative and the exercise of one of such remedies shall not waive any other right, remedy or privilege provided for herein.

**Exhibit 1**

Electronically Filed - Greene - January 29, 2021 - 03:59 PM

Section 12.<u>Modifications.</u>  This Agreement comprises the entire agreement between the parties and there are no oral or other written agreement regarding the transactions set forth herein.  Any alteration, change or modification hereof, shall be made by written instrument or endorsed hereon and, in each such instance, executed on behalf of each party in order to become effective.

Section 13.<u>Applicable Law.</u>  This Agreement shall be interpreted and construed in accordance with the laws of the State of Missouri. Any and all claims, controversies, and causes of action arising out of or relating to this Agreement, whether sounding in contract, tort, or statute, shall be governed by the substantive and procedural laws of the State of Missouri, including its statutes of limitations, without giving effect to any conflict-of-laws or other rule that would result in the application of the laws of a different jurisdiction.

Section 14.<u>Venue.</u>  The parties hereby agree that if legal action is necessary to enforce any obligation under this Agreement, Greene County, Missouri shall be the sole and exclusive venue for such actions.  The parties also hereby agree that Greene County is a fair and reasonable venue for such actions.  The parties to this Agreement consent to jurisdiction and venue in Greene County, Missouri and waive their rights, if any, to remove to Federal Court any litigation to enforce this Agreement, and waive their rights to assert jurisdiction and venue in any court, state or federal, other than Greene County, Missouri.

Section 15.<u>Jury Trial Waiver.</u>  **TO THE FULLEST EXTENT ALLOWED BY LAW, THE PARTIES HEREBY AGREE TO WAIVE THEIR RIGHT TO A TRIAL BY JURY.**

Section 16.<u>Attorney's Fee.</u>  If it becomes necessary for either party to employ legal counsel or to bring any action at law or in equity to enforce any of the terms, covenants or conditions of this Agreement, the non-prevailing party shall pay all costs and reasonable attorneys' fees incurred by the prevailing party.

Section 17.<u>No Other Warranties or Representations</u>.  Buyer acknowledges that Buyer is not relying on any representations or warranties made by Seller, oral or written, other than those expressly stated herein.

Section 18.<u>No Negative Inference</u>.  This Agreement is the result of negotiations between the Parties, each of whom is represented by counsel of its own choosing. All Parties shall be deemed to have drawn this Agreement and no negative inference or interpretation shall be made by a court against the Party whose counsel drafted this Agreement.

Section 19.<u>Notices.</u>  Every notice, demand or consent or other document or instrument required or permitted to be served on either of the parties must be in writing and shall be deemed to have been duly served on the date it is deposited in the U. S. Mail if mailed by certified or registered United States mail, postage prepaid, return receipt requested, addressed to the respective parties at the addresses stated below:

**Exhibit 1**

Seller: Frank Davidson
Hickory Village, LLC
3753 E. Monroe
Springfield, MO 65809

Buyer: Bibi Investments and Development, LLC
H. J. BAINS, Manager
3111 S. Venture Ave
Springfield. MO 65804

Either party may change their notice address by giving not less than ten (10) days prior written notice informing the other party of the change.

Section 20.Successors and Assigns. This Agreement shall bind and inure to the benefit of the parties and their respective successors, assigns, legal representatives and heirs, except Buyer shall not assign its rights hereunder.

Section 21.Condition of Premises.

(A)     Buyer has the right to enter the Premises and perform soil tests thereon, provided (1) Buyer does not interfere with the business conducted by the Existing Tenant, (2) Buyer promptly restores the surface of the Land to its condition existing before such tests, and (3) Buyer shall defend, indemnify and save Seller harmless from and against all liability, cost and expense (including reasonable attorneys fees) in connection with claims made by the Existing Tenant or others as a result of Buyer's performance of such tests.

(B)     Buyer represents to Seller that (subject to paragraph (A) above) Buyer knows, has examined and has investigated to Buyer's full satisfaction, the financial aspects of the purchase as well as the physical nature and condition of the Premises and the adjacent property; that neither Seller nor any agent, officer, employee or representative of Seller has made any representations whatsoever regarding the Premises, or any part thereof, including without limiting the generality of the foregoing, representations as to the physical nature or condition thereof and the restrictions thereon, regardless of howsoever, whensoever and wheresoever the same may be or hereafter arise; and that Buyer, in executing, delivering and/or performing this Agreement, does not rely upon any statement, and/or information to whomsoever may or given, directly or indirectly, verbally or in writing, by Seller or any broker, individual or corporation. Buyer agrees to take the Premises "as is," in such condition and state as the same may be at the Closing.

Section 22.Foreign Real Property Tax Act Clause. Seller shall provide to Buyer and Title Company such documents and instruments as may, in Title Company's judgment, be necessary to transfer ownership of the real property. By way of example, and not limitation, Seller shall provide to Buyer and Title Company a certificate and affidavit form acceptable to Buyer and Title Company stating that Seller is not a "foreign person" within the meaning of Section

**Exhibit 1**

1445(f)(3) of the Internal Revenue Code of 1986, as amended, and including such additional certifications and information as may be required in order to comply with Section 1445 of such Code and Regulations promulgated thereunder.

Section 23. <u>Eminent Domain and/or Damages to Premises.</u> If all or any portion of the Premises are condemned or threatened to be condemned by action of governmental authority, or if the Premises or any portion thereof, are substantially damaged by fire or other cause, then Buyer has the option of canceling this Agreement and receiving a refund of the Deposit or proceeding to closing and receiving all awards or insurance proceeds, if any. Buyer shall deliver written notice of election on Seller within ten (10) days of said event as provided herein. If all or any portion of the Premises are not substantially damaged by fire or other cause Seller shall cause the Premises to be restored to the condition prior to the casualty event.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement the day and year first above written.

SELLER:            HICKORY VILLAGE, LLC

                       By: _____
                            Frank Davidson, Manager

BUYER:            Bibi Investments and Development, LLC,
                       a Missouri limited liability company

                       By: _____
                           H. J. BAINS, Manager

YSE/19745-001/905703
12/22/2020 2:42 PM

**Exhibit 1**

Electronically Filed - Greene - January 29, 2021 - 03:59 PM


B A N K
MEMBER FDIC

December 22, 2020

To Whom It May Concern:

This letter is in regards to Dr. Bains or his business entity Bibi Investments and Development, LLC.  Dr. Bains is in process of formalizing a loan application with Hawthorn Bank for the purchase of Hickory Village, LC.  Based on the information we have obtained from the application (i.e. credit report, income, and debt) Dr. Bains would have been tentatively credit approved for a loan in an amount limited to the lesser of 80% of the appraised value of the collateral or $2,750,000 with funds to be used specifically for this purchase transaction.

This loan is contingent upon the following for final loan approval

1) Fully executed real estate contract
2) Receipt of 2019 tax return and year to date 2020 profit and loss statement for Hickory Village, LLC indicating support for the indicated purchase price.
3) Acceptable appraisal in an amount equal to or greater that the contract purchase price for the property
4) Acceptable title policy at the time of closing insuring ownership and indicating Hawthorn Bank has a first deed of trust on the purchased property
5) Equity injection of 20% of purchase price
6) All financial conditions are to remain the same as disclosed in the credit application
7) Subject to final approval of the Senior Loan Committee of Hawthorn Bank.

This tentative credit approval will expire if contingent items are not cleared within 30 days of this letter.

Respectfully,

**Tom Lay**
Senior Vice President - Commercial Loan Officer
NMLS MLO #442031

Exhibit C

**Exhibit 1**

Hawthorn Bank I 321 W Battlefield St. I Springfield, MO 65807 I T 417-889-9191 I F 417-823-9577 I www.HawthornBank.com



## IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JASON R BROWN | Case Number: 2131-CC00114 |
| Plaintiff/Petitioner:<br> BIBI INVESTMENTS AND DEVELOPMENT<br>LLC<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GREGGORY DEAN GROVES<br>901 E. ST. LOUIS ST.<br>20TH FLOOR<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>HICKORY HILLS LLC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Other Real Estate Actions | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** FRANK DAVIDSON
                     **Alias:**

**3753 E MONROE**
**SPRINGFIELD, MO 65809**

*COURT SEAL OF*



*GREENE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| 01/29/2021 | /S/ THOMAS R. BARR BY CR |
|---|---|
| Date | Clerk |

Further Information:

## Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of
15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
           Printed Name of Sheriff or Server                          Signature of Sheriff or Server
                     **Must be sworn before a notary public if not served by an authorized officer:**

                     Subscribed and sworn to before me on _____ (date).

*(Seal)*

                     My commission expires: _____    _____
                                             Date                                  Notary Public

| | |
|---|---|
| **Sheriff's Fees, if applicable** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**Exhibit 1**



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JASON R BROWN | Case Number: 2131-CC00114 |
| Plaintiff/Petitioner:<br> BIBI INVESTMENTS AND DEVELOPMENT<br>LLC<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>GREGGORY DEAN GROVES<br>901 E. ST. LOUIS ST.<br>20TH FLOOR<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>HICKORY HILLS LLC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Other Real Estate Actions | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** HICKORY HILLS LLC
**Alias:**

**R/A CECB INC**
**2805 S INGRAM MILL RD**
**SPRINGFIELD, MO 65804**
*COURT SEAL OF*



*GREENE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

<u>01/29/2021</u>                                    <u>/S/ THOMAS R. BARR BY CR</u>
Date                                                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of
15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____         _____
                                          Date                                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**Exhibit 1**



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

F I L E D
FEB 05 2021

CIRCUIT CLERK
GREENE COUNTY

Greene Cour
Sheriff's Offic

FEB 01 2021

RECEIVED
Civil Office

(Date File Stamp)

| Judge or Division:<br>JASON R BROWN | Case Number: 2131-CC00114 |
|---|---|
| Plaintiff/Petitioner:<br>BIBI INVESTMENTS AND DEVELOPMENT LLC<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>GREGGORY DEAN GROVES<br>901 E. ST. LOUIS ST.<br>20TH FLOOR<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>HICKORY HILLS LLC | Court Address:<br>JUDICIAL COURTS FACILITY |
| Nature of Suit:<br>CC Other Real Estate Actions | 1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |

## Summons in Civil Case

**The State of Missouri to:** FRANK DAVIDSON
**Alias:**

3753 E MONROE
SPRINGFIELD, MO 65809

*COURT SEAL OF*



*GREENE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 01/29/2021 | /S/ THOMAS R. BARR BY CR |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☑ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____

Served at _GreeNe_ (County/City of St. Louis), MO, on _2-3-21_ (date) at _1386_ (time).
in _____

_____ _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date                          Notary Public

### Sheriff's Fees, if applicable

| Summons | $ |
|---|---|
| Non Est | $ 204242 |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00    2of2 |
| Mileage | $ 35 ___ miles @ $. ___ per mile) |
| Total | $ 35 ___ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**Exhibit 1**





# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

*164*

| | |
|---|---|
| Judge or Division:<br>JASON R BROWN | Case Number: 2131-CC00114 |
| Plaintiff/Petitioner:<br>BIBI INVESTMENTS AND DEVELOPMENT LLC<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>GREGGORY DEAN GROVES<br>901 E. ST. LOUIS ST.<br>20TH FLOOR<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>HICKORY HILLS LLC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Other Real Estate Actions | |

Greene County
Sheriff's Office

FEB 0 1 2021

RECEIVED
Civil Office

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: HICKORY HILLS LLC
Alias:

R/A CECB INC
2805 S INGRAM MILL RD
SPRINGFIELD, MO 65804

*COURT SEAL OF*



*GREENE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 01/29/2021 | /S/ THOMAS R. BARR BY CR |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to:

RETURN NON EXECUTED FOR THE FOLLOWING REASON

☐ other: *PER R/A HE DOES NOT REPRESSESS HICKORG LLC* (title).

Served at *GREENE* (address)

in _____ (County/City of St. Louis), MO, on *2/4/21* (date) at *1:00* (time).

*M Robertson* _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
Date                    Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | *204242* |
| Non Est | $ | *1 of 2* |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( _____ miles @ $.____ per mile) | |
| Total | $ *35.00* | |

**FILED**

FEB 0 8 2021

CIRCUIT CLERK
GREENE COUNTY

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 21-SMCC-242    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Exhibit 1**



**CO-FOUNDER**
THEODORE L. JOHNSON, III

**MEMBERS**
CRAIG F. LOWTHER
MICHAEL K. CULLY [1]
JOHN W. HOUSLEY
DAVID A. FIELDER
GLENN P. GREEN
THOMAS M. BENSON
RANDY J. REICHARD
LEE J. VIOREL
RUSSELL W. COOK [1,2]
MATHEW L. PLACZEK
AARON M. KLUSMEYER
KYLE HARMON
GREGGORY D. GROVES
N. AUSTIN FAX

**ASSOCIATES**
AIMEE L. MORRISON
MEGAN N. CRESON
KEVIN A. SCHARF
B. JACOB HASKINS

**OFFICE MANAGER**
MEGAN CAUDILL

[1] ALSO ADMITTED IN ARKANSAS
[2] ALSO ADMITTED IN KANSAS

**DIRECT EMAIL**

901 ST. LOUIS STREET
20TH FLOOR
SPRINGFIELD, MISSOURI
65806-2592
TELEPHONE :
(417) 866-7777 EXT
FACSIMILE :
(417) 866-1752

**WEB**
www.lowtherjohnson.com

February 12, 2021

*VIA E-FILE*

Greene County Circuit Clerk
1010 North Boonville Avenue
Springfield, MO 65802

RE: **BiBi Investments and Development, LLC v. Hickory Village, L.L.C.**
**and Frank Davidson**
**Greene County Case No. 2131-CC00114**
**Fair Housing Discrimination**
Matter ID 30911-015

Dear Clerk:

First, I would like to apologize for putting the wrong name on the filing sheet in this matter. The correct name for the Defendant is Hickory Village, L.L.C. and not Hickory Hills, LLC. The correct name is listed on the Petition as filed. Please correct this in your system.

Second, please issue a new Summons for Hickory Village, L.L.C., R/A CECB, Inc., 2805 South Ingram Mill Road, Springfield, MO 65804.

Thank you for your attention and assistance in this matter. If you have any questions, please do not hesitate to contact me.

Very truly yours,

LOWTHER JOHNSON
Attorneys at Law, LLC

Belinda Guinn

Belinda J Guinn
Legal Assistant to Greggory Groves

/bjg

*PX272195*

Exhibit 1



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JASON R BROWN | Case Number: 2131-CC00114 |
| Plaintiff/Petitioner:<br> BIBI INVESTMENTS AND DEVELOPMENT LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GREGGORY DEAN GROVES<br>901 E. ST. LOUIS ST.<br>20TH FLOOR<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>FRANK DAVIDSON | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Other Real Estate Actions | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:  HICKORY VILLAGE LLC**
Alias:

**R/A CECB INC**
**2805 S INGRAM MILL RD**
**SPRINGFIELD, MO 65804**
*COURT SEAL OF*



*GREENE COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| 02/18/2021 | /S/ THOMAS R. BARR BY CR |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____     _____
                                    Date                                    Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**Exhibit 1**

Electronically Filed - Greene - February 24, 2021 - 02:02 PM

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

BiBi INCESTMENTS, AND )
DEVELOPMENT, LLC, et al )
)
      Plaintiffs, )
)
vs. )     Case No. 2131-CC00114
)
HICKORY VILLAGE, L.L.C. , et al )
)
)
      Defendants. )

## ENTRY OF APPEARANCE

    COMES NOW Rick J. Muenks, Attorney at Law, and hereby enters his appearance on

behalf of Defendant Frank Davidson in the above-captioned matter.


                    */s/ Rick J. Muenks*
                    Rick J. Muenks
                    Missouri Bar #50835
                    Attorney for Defendant Frank Davidson
                    3041 S. Kimbrough Avenue, Ste. 106
                    Springfield, Missouri 65807
                    (417) 866-6503 / (417) 866-2006 (Fax)
                    rick@swvaluation.com


## CERTIFICATE OF SERVICE

    I certify that on this 24th day of February, 2021, that a copy Entry of Appearance was
served via electronic mail upon the following:

Greggory D. Groves
ggroves@lowtherjohnson.com


                    */s/ Rick J. Muenks*
                    Rick J. Muenks, Attorney at Law


RJM/A-14-21

**Exhibit 1**

IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

F I L E D

'64

MAR 0 4 2021

CIRCUIT CLERK
GREENE COUNTY

| Judge or Division:<br>JASON R BROWN | Case Number: 2131-CC00114 |
|---|---|
| Plaintiff/Petitioner:<br>BIBI INVESTMENTS AND DEVELOPMENT<br>LLC<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>GREGGORY DEAN GROVES<br>901 E. ST. LOUIS ST.<br>20TH FLOOR<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>FRANK DAVIDSON | Court Address:<br>JUDICIAL COURTS FACILITY |
| Nature of Suit:<br>CC Other Real Estate Actions | 1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |

Springfield MO Greene County
Clerk's Office
FEB 1 9 2021
RECEIVED
Civil Office

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: HICKORY VILLAGE LLC   417-447-4400
Alias:

R/A CECB INC
2805 S INGRAM MILL RD
SPRINGFIELD, MO 65804

COURT SEAL OF

CIRCUIT COURT OF MISSOURI

GREENE COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| <u>02/18/2021</u><br>Date | <u>/S/ THOMAS R. BARR BY CR</u><br>Clerk |
|---|---|

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: FRANK CORNELIUS (name) R/A (title).

☐ other: _____

Served at _____ (address)

in GREENE (County/City of St. Louis), MO, on 3-3-21 (date) at 1376 (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____
Date                        Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $ 204366 |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $ 10.00 |
| Mileage | $ 35.00 (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 21-SMCC-383**     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Exhibit 1**